UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID VANDENOEVER and
JILL VANDENOEVER,

        Plaintiffs,

        v.                                   Case No. 19-C-1374

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant.

## ORDER GRANTING MOTION TO BIFURCATE AND STAY

This diversity action arises out of a dispute between the Plaintiff homeowners, David and Jill Vandenoever, and their insurer, Defendant Liberty Mutual Insurance Company. Liberty Mutual denied coverage for losses allegedly caused to Plaintiffs' residence following a nearby home explosion. Plaintiffs filed a complaint alleging claims of breach of contract and bad faith, and seeking prejudgment interest against Liberty Mutual. Before the court is Liberty Mutual's motion to bifurcate the action and stay discovery on the bad faith claim. Dkt. No. 15.

Under Fed. R. Civ. P. 42(b), the court has the discretion to bifurcate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Bifurcation is appropriate when it: (1) avoids prejudice to a party or serves the interests of judicial economy; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).

Liberty Mutual argues that the stay and bifurcation is necessary to avoid expansive and potentially unnecessary discovery on the bad faith claim that could prejudice Liberty Mutual and result in potential juror confusion due to the different burdens of proof and standards that apply.

Liberty Mutual also believes the bad faith claim would require discovery relating to Liberty Mutual's internal claims handling and investigation processes, which would be unnecessary and prejudicial if no contractual obligation was breached. Further, as breach of contract is a prerequisite for bad faith, Liberty Mutual argues that bifurcating the claims would be an efficient path, conserving judicial resources on the bad faith claim until and unless an actual breach was established.

To date, Plaintiffs have not responded to Liberty Mutual's request to bifurcate the claims and stay discovery. This alone provides a procedural basis to grant Liberty Mutual's motion. *See* Civil L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion."). Even on the merits, the result is the same.

While federal civil procedure does not depend on the state law that governs Plaintiffs' claims, this court has previously noted that bifurcation is ordinarily appropriate in actions involving insurance coverage and bad faith claims arising under Wisconsin law. *See Ratajczak v. Beazley Sols. Ltd.*, No. 13-C-045, 2014 WL 3057158, at *5 (E.D. Wis. July 7, 2014). In Wisconsin, a claim for bad faith is an intentional tort, separate from a claim that an insurer breached its contract with a claimant. *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 691, 271 N.W.2d 368 (1978). Breach of contract though is a "fundamental prerequisite" to proving a bad faith claim. *Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶ 5, 334 Wis. 2d 23, 798 N.W.2d 467. In other words, Plaintiffs cannot show Liberty Mutual acted in bad faith if it properly addressed their claim. Indeed, even if an insurer is found liable for the claim under the policy, a claim for bad faith requires, in addition, proof that the insurer's failure to pay earlier was without a reasonable basis and the insurer's knowledge or reckless disregard of the absence of a reasonable basis for denying the claim. *Anderson*, 85 Wis. 2d at 691.

As these causes of action are distinct and proceeding with discovery on both claims simultaneously may cause prejudice, I find that bifurcating the claims and staying discovery is appropriate in these circumstances. Granting Liberty Mutual's motion would cause no harm to Plaintiffs. Whether Liberty Mutual breached the terms of its policy is separate and distinct from the question of whether Liberty Mutual was acting reasonably or with an improper motivation. When and if Plaintiffs prove Liberty Mutual breached its contract, Plaintiffs will have the opportunity to complete discovery and pursue their bad faith claim. If it turns out Liberty Mutual's denial of coverage was correct or at least not unreasonable, Plaintiffs' bad faith claim fails as a matter of law, sparing both parties and the court the time and expense of discovery and litigation over immaterial issues.

For the foregoing reasons, the motion for stay and bifurcation (Dkt. No. 15) is **GRANTED**. Plaintiffs' breach of contract claim will be bifurcated from their bad faith and prejudgment interest claims. Discovery relating to the bad faith claim is stayed until the breach of contract claim is decided.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
